THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* José ROSARIO GELPÍ ET AL., Respondents and Appellants.

No. 8009. Argued April 3, 1941.—Decided June 25, 1941.

*Gelpí & Gelpí* for appellants. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Attorneys José Rosario Gelpí and José Rafael Gelpí have taken this appeal from a judgment of the District Court of Mayagüez, sentencing them to pay a fine of $100 and in default of such payment, to be confined in jail one day for each dollar left unpaid, for contempt of court by reason of certain statements made in a motion filed by them in the lower

court for recusation of the judge of that court and for transfer of civil case No. 783, Neftalí Vidal Garrastazu and Juana Garrastazu against Juan A. Monagas *et al.,* a suit for nullity and other relief. The appellants in their brief assign twenty-nine errors as committed by the lower court. The prosecuting attorney of this court in his brief discusses only the second and third assignments, as he considers that the questions of fact and of law raised by those two errors assigned in connection with the conduct of the court, compel him to state to the court that in his opinion the judgment appealed from should be reversed and the case remanded to the lower court so that the transfer of the case sought by the appellants be granted. In their supplemental brief the appellants request that this court decide the case after considering not only the second and third assignments but also the ninth, tenth, eleventh, and thirteenth, wherein the demurrer interposed to the accusation is discussed, and the sixteenth assignment in which the denial of a motion for nonsuit is argued.

In the second and third assignments it is urged that the lower court abused its discretion in denying appellants' motion for the transfer of the contempt proceedings to another court and in not allowing them to introduce evidence in support of said motion.

In the assignments ninth to thirteenth it is claimed that it was error for the lower court to overrule the demurrer whereby the defendants sought a dismissal of the accusation or order to show cause, on the ground that the facts charged against them do not constitute contempt as the same are not comprised in any of the subdivisions of Section 1 of the Law on Contempt in force.

Obviously, the question of whether the statement or order to show cause contains sufficient facts is a fundamental one which we must decide even though the procedural errors regarding the transfer of the case and the refusal of the

judge to permit the introduction of evidence in support thereof had been committed. The determination of the second and third assignments would not conclude the matter and we should not prolong the same unnecessarily if the fundamental question raised can serve to finally dispose thereof.

 The facts which gave rise to these contempt proceedings are as follows:

During the pendency of a motion to strike out filed by the defendants in civil case No. 783, *supra,* Attorneys Gelpí & Gelpí, counsel for the plaintiffs, filed a motion in the lower court recusing Judge Francisco Navarro Ortiz of said court requesting the transfer of the case to another court. Said motion, in so far as it refers to the judge of the lower court, reads as follows:

"The plaintiffs appear by their undersigned attorneys, before the Hon. Judge of this district court, and respectfully allege:

"*First:* That the defendant Juan A. Monagas, the defendants Rebecca, Aníbal, and Eva Monagas de la Rosa, and the minors Jorge, Giselda, and Diego García y Monagas, the latter represented by their legitimate father Jorge García Cabassa, have filed in the present action motions to strike out so sweeping and of such a character that, should they be sustained, plaintiffs would be prevented from proceeding with their case, since it is thereby sought to defeat the present case. Said motions have been set for hearing on the 20th instant, at the request of the defendants themselves, who thus show their great eagerness and interest in having the same decided by Hon. Francisco Navarro Ortiz, Judge of this court.

"*Second:* That Messrs. Gelpí & Gelpí, plaintiffs' attorneys, and Hon. Francisco Navarro Ortiz, Judge of this court, are irreconcilable enemies, owing to the fact that one of said attorneys personally brought charges against said judge, seeking his removal as Judge of the District Court of Mayagüez, and that said Judge testified as a witness for the prosecution in certain administrative charges brought by the Governor of Puerto Rico against Emma V. Gelpí de Nieva, as clerk of this district court for the purpose of removing her, which charges, according to plaintiffs' information and belief, were brought at the instigation and with the intervention of said Judge, Hon. Francisco Navarro Ortiz.

"*Third:* That plaintiffs reasonably fear that, because of the open personally enmity existing between Hon. Francisco Navarro Ortiz, Judge of this court, and Gelpí & Gelpí, plaintiffs' attorneys, which is known to the defendants and to their attorney José Sabater, such animosity may and surely will influence the decision of said judge upon said motions to strike out, as the prejudice and partiality of said judge against plaintiffs' attorneys (who are not friends of said judge, either) are public and well-known, such prejudice and partiality being noticeable in the decisions of the aforesaid judge in suits wherein the same attorneys who now represent the plaintiffs have acted as counsel.

"*Fourth:* That the plaintiffs had not heretofore sought to recuse the said Judge nor to transfer the case, because plaintiffs expected that the Judge himself, on his own initiative, knowing as he does the existence of this state of things, would disqualify himself or provide for such transfer, without waiting for the plaintiffs to request it, as they have been compelled to request it, through the present motion.

"*Fifth:* That according to the information and belief of plaintiffs' attorneys, Attorney Miguel A. García Méndez, who does not appear as attorney of record for any of the parties herein, has been intervening, behind the back of plaintiffs' attorneys, and personally working on said plaintiffs for the purpose of compelling them to settle with the defendants, to the great prejudice of the former, morally coercing them by threats such as that said attorney, Mr. García Méndez, is going to intervene in the case in favor of defendants; that Gelpí & Gelpí, counsel for plaintiffs, are not qualified to win this suit; that the allegations of the complaint are defective; that he (García Méndez), by using his influence, should the plaintiffs refuse to settle the case as suggested by him or to take the case away from attorneys Gelpí & Gelpí, will cause them to lose the suit; all of which tends to arouse in plaintiffs' mind a strong distrust of their attorneys.

"*Sixth:* That all of the above circumstances together with the predominant influence which is exerted by Attorney Miguel A. García Méndez on the mind of the district judge, and which has been publicly commented on, the interest of said attorney to injure the undersigned attorneys, and the manifest hostility of Judge Francisco Navarro Ortiz of this court towards the latter, afford more than a reasonable basis for the sincere belief on the part of plaintiffs that they can not obtain in this court a fair and impartial trial.''

The judge of the trial court considered that the language used by the attorneys in their motion was *prima facie* disrespectful and derogatory to the dignity and integrity of the court and its judge, and that the same constituted a disdainful and insolent behavior towards the court and its judge, because the wording of the third paragraph, *supra,* seemed "to constitute an insulting criticism of the judgments rendered by the court in other cases in which the respondents had appeared as counsel and because the purpose of the motion was to interrupt the normal proceedings of the court." The judge, consequently, issued an order directing them to appear on June 30, 1938, to show cause, if any they had, why they should not be punished as for contempt of court.

The defendants appeared on the day set and presented a motion for the transfer of the contempt proceedings to another court, because of the irreconcilable animosity existing between Judge Navarro and themselves which arose from the facts already alleged in their previous motion for transfer, *supra,* and because in their opinion they could not have a just and impartial trial in the court below. Said motion was denied, whereupon the respondents interposed a demurrer to the contempt proceedings and stated that the facts as alleged did not constitute the offense of contempt as defined in the various paragraphs of Section 1 of the "Act defining the offense of contempt of court and providing for the punishment thereof," approved May 12, 1937 (Session Laws, p. 241).

After this demurrer was argued by the parties, the lower court overruled the same on the following grounds:

"Judge: In deciding this demurrer the court declares that the order contains facts sufficient to constitute a cause of action under Act No. 102, approved by the Legislature of Puerto Rico in 1937, *especially in paragraph third thereof,* and overrules the demurrer." (Italics ours.)

Subdivision 3 of Section 1 of Act No. 102, approved May 12, 1937, referred to by the judge of the lower court in his order, reads as follows:

"Section 1.—The Supreme Court, the district courts, the municipal and peace courts, and any court of record duly established in Puerto Rico, and the Industrial Commission of Puerto Rico, shall have the power to punish for criminal contempt any person or persons guilty of any of the following acts:

"1. * * * * * * *

"2. * * * * * * *

"3. Scurrilous or libelous criticism of the orders, judgments, writs, or proceedings of any court, including the Industrial Commission of Puerto Rico, *published in any public print or newspaper or circular for circulation, tending to bring the court or any of its members into undeserved disrepute;*" (Italics ours.)

This provision of our Law of Contempt expressly and clearly refers to those cases where publication is made by means of any print, newspaper, or circular of any scurrilous or libelous criticism of writs, judgments, orders or proceedings of any court, tending to bring the court or any of its members into undeserved disrepute.

Can it be maintained that a motion for recusation and transfer filed by an attorney on behalf of his client in a civil action pending before a court is the "print, newspaper, or circular" referred to in the law? The question can only be negatively answered. This legal provision not only refers to constructive contempts committed by means of prints, newspapers, or handbills but it also requires the same to have been printed and distributed for the purpose of unfairly discrediting the court or any of its members. A motion for recusation of the judge and for transfer of the case on the grounds of passion and prejudice on the part of the judge and because an impartial trial can not be had before him, is a document filed by the attorney of one of the parties in the exercise of a right acknowledged by subdivisions 2

and 4 of Section 83 of the Code of Civil Procedure which provide:

"Sec. 83. The court may, on motion, change the place of trial in the following cases:

"1.　　＊　　＊　　＊　　＊　　＊　　＊　　＊

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3.　　＊　　＊　　＊　　＊　　＊　　＊　　＊

"4. When from any cause the judge is disqualified from acting."

In *Peña* v. *García*, 45 P.R.R. 42, it was held by this court as follows:

"Where from the affidavit of a litigant, based on the ground that he cannot obtain a fair and impartial trial before the judge by reason of the latter's prejudice and bias, sufficient facts appear to show *prima facie* the propriety and convenience of the judge's disqualification, the latter should declare his disqualification and order a change of venue in accordance with section 83 of the Code of Civil Procedure, despite his disposition to act fairly and impartially."

In that case the reasons advanced by Peña for seeking a change of venue were based precisely on the irreconcilable enmity existing between himself and the judge on account of certain charges brought by Peña against Judge Arjona so that the latter should not be reappointed as district judge for Humacao. In the said case the right was acknowledged in every litigant to the transfer of his case where, on account of prejudice or bias on the part of the judge of the court, he can not get a fair and impartial trial. Also it was expressly held that:

"Even though the bias or prejudice of a judge against a litigant is not a ground of disqualification under section 23 of the Code of Civil Procedure, nevertheless such bias or prejudice debars him from sitting in the cause, in accordance with subdivisions 2 and 4 of section 83 of the Code of Civil Procedure."

So that, as the right to apply for a change of venue by reason of prejudice or bias on the part of the judge has been recognized, it can not be contended that the filing of

a motion for such change accompanied with an affidavit setting forth the grounds relied upon by the mover to show such prejudice and bias should constitute contempt of court, provided the language used in said motion is not disrespectful. The general doctrine is set forth in 17 C.J.S. 39, as follows:

"Affidavits or motions to disqualify judge or change venue. Under some circumstances the filing of an affidavit, motion, or petition for the purpose of disqualifying a judge on account of alleged prejudice or bias, or for the purpose of changing venue, is sufficient to constitute contempt, as, for instance, where it is falsely, willfully, and maliciously made, or where it contains disrespectful or contemptuous language impugning the honesty and integrity of the court. *Generally, however, the mere filing or presentation in good faith of such an affidavit or motion, in respectful language and in a respectful manner, does not constitute contempt, particularly where prejudice or bias is recognized by statute as ground for disqualification.*" (Italics ours.)

The decisions of the American courts are not unanimous as to what allegations contained in a motion for recusation or for a change of venue based on the ground of passion or prejudice on the part of the judge of a court, constitute contempt. However, it is held in most of the cases that where there is a statute which authorizes the transfer of a case on such grounds, which would prevent the holding of a fair and impartial trial, the filing of a motion respectfully advancing the grounds for the change of venue sought, is not contempt. See the monograph in 29 A.L.R. 1273.

Under Section 83 of the Code of Civil Procedure and the doctrine laid down in *Peña* v. *García, supra,* a change of venue may be sought in Puerto Rico on the ground of bias or prejudice on the part of the judge towards a litigant. So that the fact that an attorney, on behalf of his client, should state under oath in a respectful manner the facts on which he relies for the charges of bias or prejudice, can not be considered *per se* as constituting contempt.

■ The allegations in the motion filed by the respondents in case No. 783, *supra,* make reference, first, to a condition of irreconcilable personal enmity existing between them and Judge Navarro, and, second, to their information that another attorney, who was not counsel for either party, had intervened by advising their plaintiff clients to settle the case with the defendants, and that the attorney in question exerted influence on the mind of the judge, and that, due to those facts, the plaintiffs could not have a fair and impartial trial.

The respondents should have been given an opportunity to prove the facts alleged in their motion and, if the same turned out to be false and malicious, then action should have been taken against them in accordance with the law. If the allegations made in the motion turned out to be true, the plaintiffs in the action were entitled to request and obtain, on motion, the disqualification of the judge or the transfer of the case.

The demurrer was proper and should have been upheld.

The appeal will be sustained, the judgment appealed from reversed, and the defendants discharged.